Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | GEORGE W. LINDBERG | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1940 | **DATE** | 3/25/11 |
| **CASE TITLE** | Johnnie C. Melton (#2010-0918144) vs. Thomas J. Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders Cook County Jail officials to begin making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The clerk is directed to issue summonses for service on the defendants by the U.S. Marshal. The clerk is also directed to send the plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. The plaintiff's motion for appointment of counsel [#4] is denied.

■ [**For further details see text below.**]  **Docketing to mail notices.**

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, the Cook County Sheriff and a sergeant at the jail, have violated the plaintiff's constitutional rights by acting with deliberate indifference to his health and medical needs, by subjecting him to inhumane conditions, and by retaliating against him for his grievance. More specifically, the plaintiff alleges that inmates in his medical unit are afforded neither privacy nor protection from spatter with regard to the facilities; the plaintiff additionally claims that he received a false disciplinary report and was placed in segregation, without access to his medications or medical care, after he filed a grievance concerning the bathroom set-up.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Because the plaintiff has a zero balance in his prison trust account and no income in the past six months, the initial partial filing fee is waived pursuant to 28 U.S.C. § 1915(b)(4). However, the supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to begin collecting monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. *See* 28 U.S.C. § 1915(b)(2). Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. *Id.* All payments shall be sent **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting the plaintiff's factual allegations as true, the court finds that the complaint states colorable causes of action under the Civil Rights Act. Any right-to-privacy argument would seem to be foreclosed by *Hudson v. Palmer*, 468 U.S. 517, 525-28 (1984); *Johnson v. Phelan*, 69 F.3d 144, 146 (7th Cir. 1995); and *Williams v. Boles*, 841 F.2d 181, 183 (7th Cir. 1988). Nevertheless, undue exposure to a substantial risk of serious harm, as well as deliberate indifference to a serious medical need, would violate the plaintiff's constitutional rights. *See, e.g., Washington v. LaPorte County Sheriff's Department*, 306 F.3d 515 (7th Cir. 2002); *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008). Furthermore, an act taken by prison officials in retaliation for an inmate's exercise of his First Amendment rights may form the basis of a civil rights suit, even if the same act, when taken for a different reason, would be otherwise permissible. *See, e.g.*, *Stanley v. Litscher*, 213 F.3d 340, 343 (7th Cir. 2000); *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000). While a more fully developed record may belie the plaintiff's claims, the defendants must respond to the allegations in the complaint.

The clerk shall issue summonses for service of the complaint on the defendants. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. If either defendant can no longer be found at the work address provided by the plaintiff, the Cook County Department of Corrections shall furnish the Marshal with the defendant's last-known address. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. **On this single occasion, the court has made judge's and service copies for the plaintiff. However, the plaintiff is advised that he must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed.** In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

The court does not deem Donald Wright and Tyrone Patton, who are listed in the caption of the complaint, to be co-plaintiffs in this case. Neither Wright nor Patton signed the complaint or accompanying motions; neither Wright nor Patton is mentioned in the body of the complaint; and neither Wright nor Patton has filed an application **(CONTINUED)**

| STATEMENT (continued) |
|---|

for leave to proceed *in forma pauperis*. Accordingly, the court considers Johnnie Melton to be the sole plaintiff in this case. Wright and Patton must initiate separate lawsuits if they wish to pursue relief in federal court.

Finally, the plaintiff's motion for appointment of counsel is denied. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Johnson*, 433 F.3d at 1006. When a *pro se* litigant submits a request for appointment of counsel, the court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so. *Pruitt*, 503 F.3d at 654. Next, the court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own. *Id.* at 654-55. Another consideration is whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Id.* at 654; *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); *see also* Local Rule 83.36© (N.D. Ill.) (listing the factors to be taken into account in determining whether to appoint counsel).

After considering the above factors, the court concludes that appointment of counsel is not warranted in this case. Although the complaint sets forth cognizable claims, the plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary. The plaintiff, whose initial submissions are coherent and articulate, appears more than capable of presenting his case. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, the plaintiff's motion for appointment of counsel is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the court may revisit this request.